UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JASON CYRUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Action No. |
| v. | ) | 5:14-cv-339-JMH |
| | ) | |
| LUMBERMAN'S UNDERWRITING | ) | **MEMORANDUM OPINION & ORDER** |
| ALLIANCE, | ) | |
| | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WALLACE HARDWARE CO., INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*

This matter is before the Court on its own motion, Magistrate Judge Robert E. Wier having ordered the parties to state their positions regarding diversity jurisdiction and whether complete diversity exists in this matter given the intervention of Lumbermen's Underwriting Alliance. All of the parties have now briefed the issue. [DE 39; 42; 44].

Defendant removed this case to federal court on July 30, 2014,[1] under the court's diversity jurisdiction. At the time of removal, the parties were diverse, Plaintiff being

---

[1] The case was actually removed to the U.S. District Court for the Western District, and transferred to this district in August of 2014 when the. [DE 7].

a citizen of Kentucky and Defendant a citizen of Tennessee, [DE 1], and Defendant established that the amount-in-controversy requirement was met. [DE 11; 12]. Subsequently, Lumberman's Underwriting Alliance sought to intervene as a plaintiff pursuant to Fed. R. Civ. P. 24, although it did not specify whether it moved for intervention of right under Rule 24(a) or permissive intervention under Rule 24(b). The Court construed Lumberman's motion as one to intervene permissively and, with no objection from any party, granted it. [DE 16].

However, Lumberman's citizenship remained unclear and, following the Order of the Magistrate Judge, Lumberman's filed a brief to confirm that it is a reciprocal inter-insurance exchange and not a corporation. As such, like other unincorporated associations, its citizenship is that of every state of which any of its members reside. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (stating the general rule for unincorporated associations and citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187–92 (1990)); *United Servs. Auto. Ass'n v. Franke Consumer Products, Inc.*, No. 11-05430-PSG, 2012 WL 368378, at *2 (N.D. Cal. Feb. 3, 2012) (collecting cases regarding reciprocal inter-insurance exchanges).

2

Lumberman's has members in Tennessee and is, therefore, a citizen of Tennessee.

Because Defendants are citizens of Tennessee as well, there is no longer complete diversity. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Thus, the question before this Court is whether it retains jurisdiction over this matter. Defendants point to the general rule that jurisdiction is determined at the time of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996); *Dean v. Holiday Inns, Inc.,* 860 F.2d 670, 672 (6th Cir. 1988). Accordingly, when a non-diverse party intervenes in a case as of right, pursuant to Rule 24(a), the court is not divested of jurisdiction unless that party is indispensable. *Dean,* 860 F.2d at 672. But this rule is used in cases of intervention under Rule 24(a) because when a party seeks to intervene permissively pursuant to Rule 24(b), a court will simply deny intervention, as courts may not permit intervention when it would destroy the diversity between the existing parties. *See E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("Permissive intervention...has always required an independent basis for jurisdiction."); 7C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 19717 (3d ed. 2010).

3

Regardless, 28 U.S.C. § 1367(b), adopted after *Dean* in 1990, precludes parties from intervening "as plaintiffs under Rule 24 .... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Thus, under the plain language of § 1367(b), this Court may not exercise jurisdiction over Lumberman's, a nondiverse plaintiff-intervenor, whether it attempted to intervene under Rule 24(a) or (b). 28 U.S.C. § 1367(b); *see also Baker v. Minnesota Min. & Mfg. Co.*, 99 F. App'x 718, 722-23 (6th Cir. 2004) *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008).

Therefore, in light of Lumberman's citizenship, the Court will reconsider its decision on Lumberman's motion to intervene. Based on the analysis above, the Court will deny Lumberman's motion to intervene in this case. *See Baker*, 99 F. App'x at 723.

Plaintiff argues that Lumberman's is an indispensable party and, therefore, this case should be remanded. *See* Fed. R. Civ. P. 19(b). Lumberman's intervention is premised on its having paid workmen's compensation benefits to Plaintiff as a result of the accident that serves as a basis for his claims against Defendants, and Lumberman's asserts its right to recover that amount from Defendants

4

under a subrogation theory. Courts have found that workmen's compensation carriers, as partial subrogees, are not "indispensable parties." *See Baker*, 99 F. App'x at 723 (citing *United States v. Aetna Cas. & Sur. Co.,* 338 U.S. 366, 382 & n. 19 (1949)). Although, on the record before the Court, it is not clear to what extent Lumberman's has compensated Plaintiff, whether he has been or will be partially or totally compensated. Furthermore, at least one of the factors in Rule 19(b) suggests dismissal is appropriate. If Lumberman's is absent, Defendant could potentially be liable twice, to both Plaintiff and Lumberman's. *See* KRS 342.700. Because "[a]ll doubts as to the propriety of removal are resolved in favor of remand," *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (quotation and citation omitted), the Court finds that remand here is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

(1) that the Court's previous order of October 8, 2014, [DE 16], is **SET ASIDE AND HELD FOR NAUGHT**;

(2) that Lumberman's Underwriting Alliance's Motion to Intervene [DE 13] is **DENIED;**

(3) that this matter is **REMANDED** to the Clark County Circuit Court.

This the 22nd day of May, 2015.

5



Signed By:

***Joseph M. Hood***

Senior U.S. District Judge